UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| OPTIMORPHIX, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC. and<br>AMAZON WEB SERVICES, INC.,<br><br>       Defendants. | No. 5:23-CV-00123-RWS-JBB<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS FOR
IMPROPER VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

    A. The Parties. .......................................................................................................... 2

        1. OptiMorphix, Inc. ..................................................................................... 2

        2. Amazon Web Services, Inc. ..................................................................... 2

        3. Amazon.com, Inc. .................................................................................... 3

    B. The Complaint. .................................................................................................... 4

III. LEGAL STANDARD ........................................................................................................ 4

    A. Venue in patent infringement cases is controlled by a two-pronged statute. .......... 4

    B. Plaintiff bears the burden of sustaining venue for each defendant, and the Court may consider evidence outside the complaint. .................................................... 4

IV. VENUE IS IMPROPER BECAUSE PLAINTIFF CANNOT SHOW THAT DEFENDANTS SATISFY EITHER OF § 1400(B)'S TWO PRONGS .......................... 5

    A. Defendants cannot satisfy § 1400(b)'s first prong because neither "resides" in this District. .......................................................................................... 5

    B. Defendants cannot satisfy § 1400(b)'s second prong because neither has a "regular and established place of business" in this District. ................................... 6

        1. Amazon.com, Inc., a holding company, does not have a regular and established place of business in this District. ..................................... 6

        2. AWS does not have a regular and established place of business in this District. ............................................................................................ 7

        3. The Complaint's venue allegations are controverted by evidence and cannot be accepted as true. ................................................................ 7

        4. Amazon.com Services LLC's places of business cannot be imputed to Defendants because Amazon entities respect corporate separateness. ............................................................................................. 9

    C. Defendant Amazon.com, Inc. also cannot satisfy § 1400(b)'s second prong because it cannot "commit[] acts of infringement." ........................................... 10

V. CONCLUSION ................................................................................................................ 11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agis Software Dev. LLC v. T-Mobile USA, Inc.*,
   No. 2:21-cv-00072-JRG-RSP, 2021 U.S. Dist. LEXIS 251146 (E.D. Tex.
   Nov. 10, 2021) ............................................................................................................... 5

*Agis Software Dev., LLC v. ZTE Corp.*,
   No. 2:17-CV-00517-JRG, 2018 U.S. Dist. LEXIS 235914 (E.D. Tex. Sep. 28,
   2018) .............................................................................................................................. 5

*Alexsam, Inc. v. Simon Prop. Grp. Tex., L.P.*,
   No. 2:19-CV-00331-JRG, 2021 U.S. Dist. LEXIS 257986 (E.D. Tex. Sep. 3,
   2021) ............................................................................................................................ 11

*Andra Grp., LP v. Victoria's Secret Stores, LLC*,
   6 F.4th 1283 (Fed. Cir. 2021) ........................................................................................ 8

*Andra Grp., LP v. Victoria's Secret Stores, LLC*,
   No. 4:19-cv-288-ALM-KPJ, 2020 U.S. Dist. LEXIS 53868 (E.D. Tex. Feb.
   24, 2020) ...................................................................................................................... 10

*B/E Aero., Inc. v. Zodiac Aero.*,
   No. 2:16-cv-01417-JRG-RSP, 2018 U.S. Dist. LEXIS 220294 (E.D. Tex.
   Nov. 29, 2018) ............................................................................................................... 9

*Better Mouse Co., LLC v. Razer USA Ltd.*,
   No. 2:17-cv-00317-JRG-RSP, 2017 U.S. Dist. LEXIS 213528 (E.D. Tex. Dec.
   12, 2017) ........................................................................................................................ 5

*BSD Crown, Ltd. v. Amazon.com, Inc.*,
   No. 3:23-cv-00057-WHO, 2023 U.S. Dist. LEXIS 181407 (N.D. Cal. July 27,
   2023) ............................................................................................................................ 10

*Celgene Corp. v. Mylan Pharms., Inc.*,
   17 F.4th 1111 (Fed. Cir. 2021) ...................................................................................... 9

*In re Cray, Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) .................................................................................. 6, 8

*EMA Electromechanics, Inc. v. Siemens Corp.*,
   No. 6:21-cv-1001-ADA, 2022 U.S. Dist. LEXIS 76297 (W.D. Tex. Feb. 4,
   2022) ..................................................................................................................... 5, 9, 11

*Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*,
   290 F. Supp. 3d 599 (N.D. Tex. 2017) ..................................................................................7

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020)..............................................................................................8

*Huong Hoang v. Amazon.com, Inc.*,
   No. C11-1709MJP, 2013 U.S. Dist. LEXIS 190477 (W.D. Wash. Mar. 18,
   2013) ...................................................................................................................................10

*Kranos IP Corp. v. Riddell, Inc.*,
   No. 2:17-cv-443-JRG, 2017 U.S. Dist. LEXIS 138108 (E.D. Tex. Aug. 28,
   2017) .................................................................................................................................5, 9

*Optic153 LLC v. Thorlabs Inc.*,
   No. 6:19-CV-00667-ADA, 2020 U.S. Dist. LEXIS 108167 (W.D. Tex. June
   19, 2020) ...............................................................................................................................7

*Rensselaer Polytechnic Inst. v. Amazon*,
   No. 1:18-cv-00549, 2019 U.S. Dist. LEXIS 136436 (N.D.N.Y. Aug. 7, 2019).....................10

*Rex Real Estate I, L.P. v. Rex Real Estate Exch., Inc.*,
   No. 4:18-cv-00371-ALM, 2019 U.S. Dist. LEXIS 102059 (E.D. Tex. June 19,
   2019) .....................................................................................................................................4

*Soverain IP, LLC v. AT&T Inc.*,
   No. 2:17-CV-00293-RWS-RSP, 2017 U.S. Dist. LEXIS 186656 (E.D. Tex.
   Oct. 31, 2017) ..................................................................................................................9, 10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017)..........................................................................................................1, 5

*Tenpenny v. Prime Now, LLC*,
   No. 3:19-0420, 2020 U.S. Dist. LEXIS 75233 (M.D. Tenn. Apr. 29, 2020)...........................10

*Trois v. Apple Tree Auction Ctr., Inc.*,
   882 F.3d 485 (5th Cir. 2018) .................................................................................................5

*In re Volkswagen Grp. of Am.*,
   28 F.4th 1203 (Fed. Cir. 2022) ..............................................................................................4

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................. *passim*

**I.      INTRODUCTION**

Venue is not proper in this District for either Defendant because neither entity "resides" here or has a "regular and established place of business" in this District. 28 U.S.C. § 1400(b).

A corporation "resides" only in its state of incorporation for purposes of § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 270 (2017). Plaintiff does not dispute that both Defendants are incorporated in Delaware, not Texas. *See* ECF No. 1 ¶¶ 9, 10. Thus, venue is not proper in this District for either Defendant under § 1400(b)'s first prong.

Although § 1400(b)'s second prong allows a patent infringement action to be brought in a district "where the defendant has committed acts of infringement and has a regular and established place of business," neither Defendant has such a place in this District. Defendant Amazon.com, Inc. is a holding company whose limited operations are generally confined to Seattle, Washington. Defendant Amazon Web Services, Inc. ("AWS") operates regular and established places of business elsewhere in Texas but none in this District. Thus, venue is also not proper in this District for either Defendant under § 1400(b)'s second prong.

That is unlikely to deter Plaintiff OptiMorphix, Inc. from trying to manufacture venue here by, for example, wrongly attributing two fulfillment centers to Defendants despite sworn testimony establishing that a wholly separate entity leases and operates those facilities. But no facts support the contention that either Defendant has "established or ratified" such fulfillment centers as its "place of business," and Plaintiff's mere allegations to the contrary cannot be accepted as true when controverted by sworn testimony. Nor can Plaintiff meet the high burden required to impute another entity's lease and operation of those facilities to either Defendant under an alter-ego or veil-piercing theory.

Accordingly, the Court should dismiss the Complaint under Rule 12(b)(3).

## II.     BACKGROUND

### A.     The Parties.

#### 1.     OptiMorphix, Inc.

Plaintiff OptiMorphix, Inc. is a Delaware corporation formed February 17, 2023. Ex. 1.[1] Plaintiff was assigned several patents two months after it was formed. Ex. 2. Five months later, Plaintiff filed its first patent infringement action in Delaware.[2]

#### 2.     Amazon Web Services, Inc.

Defendant AWS is a Delaware corporation, headquartered in Seattle, Washington. Declaration of Damian Hunt ("Hunt Decl.") ¶ 4; ECF No. 1 ¶ 10. AWS is a leading cloud computing company: AWS's customers gain access to the computing power and storage capacity of AWS's cloud systems on an as-needed basis in place of buying, owning, and maintaining their own physical servers or data centers. *See* Ex. 3. AWS provides a broad set of cloud-based computing services. In contrast to the physical goods customers purchase on the Amazon.com website, the accused cloud services are services AWS customers access by communicating with AWS data centers.

AWS does not own, lease, or operate any office or data center in this District. Declaration of Keith Klein ("Klein Decl.") ¶ 3.

---

[1]     Citations to "Ex." refer to exhibits attached to the Declaration of Regan J. Rundio, submitted herewith, unless otherwise noted.
[2]     Plaintiff has so far filed six other patent infringement suits: *OptiMorphix, Inc. v. Alphabet, Inc.*, No. 1:23-cv-01065 (D. Del. Sep. 27, 2023); *OptiMorphix, Inc. v. VMware, Inc.*, No. 1:23-cv-01146 (D. Del. Oct. 12, 2023); *OptiMorphix, Inc. v. Oracle Corp.*, No. 1:23-cv-01249 (D. Del. Nov. 1, 2023); *OptiMorphix, Inc. v. Cisco Sys., Inc.*, No. 5:23-cv-00126 (E.D. Tex. Nov. 2, 2023); *OptiMorphix, Inc. v. Broadcom Inc.*, No. 5:23-cv-00134 (E.D. Tex. Nov. 20, 2023); *OptiMorphix, Inc. v. Microsoft Corp.*, No. 5:23-cv-00150 (E.D. Tex. Dec. 20, 2023).

### 3. Amazon.com, Inc.

Amazon.com, Inc. is a Delaware corporation, headquartered in Seattle, Washington. Hunt Decl. ¶ 2; ECF No. 1 ¶ 9. It is a holding company that does not produce or sell goods or services to the public but merely owns stock in subsidiaries. Hunt Decl. ¶ 3. Amazon.com, Inc. is the ultimate parent company of AWS and a variety of other entities. For example, it owns businesses responsible for the online store, Amazon.com, through which various merchants sell and ship a variety of physical goods around the world. The entity that owns and operates the Amazon.com website is Amazon.com Services LLC. *Id.* ¶ 7.

Amazon.com, Inc. organizes its holdings "into three segments: North America, International, and Amazon Web Services." Ex. 4 at 3, 66. "These segments reflect the way the Company evaluates its business performance and manages its operations." *Id.* at 3. Separate books are maintained for each segment. *See, e.g.*, *id.* at 23-24, 67-69. In other words, AWS is its own business organization; it is incorporated, evaluated, managed, and operated as a separate business from Amazon's domestic and international retail and marketplace operations.

Amazon.com Services LLC, one of Amazon.com, Inc.'s separate and indirect subsidiaries, operates distribution facilities for shipping products purchased on the Amazon.com website, including the two fulfillment centers referenced in the Complaint. *See* Klein Decl. ¶¶ 4-6; Hunt Decl. ¶ 6; ECF No. 1 ¶ 13. These facilities do not engage in designing, building, commercializing, marketing, selling, distributing, testing, or servicing the accused cloud services. *See* Klein Decl. ¶¶ 4-8. That is because they are not AWS facilities, but instead industrial buildings of a wholly separate line of business.

Amazon.com, Inc. does not have any real estate or offices in this District. Hunt Decl. ¶ 9.

3

### B. The Complaint.

Plaintiff filed its Complaint against Defendants on October 23, 2023, alleging infringement of U.S. Patents Nos. 7,099,273; 7,444,418; 7,031,314; 7,136,353; 7,586,871; 7,616,559; 7,987,285; 8,230,105; 8,255,551; 10,412,388; 9,167,021; and 10,362,081. *See generally* ECF No. 1. Plaintiff specifically identifies several accused products, all but one of which is an AWS cloud-based service or feature. *Id.* The only outlier, the accused Amazon Echo Show device, is *not* an AWS product. Klein Decl. ¶ 9. AWS did not design and does not make, import, or sell that device, which is generally available on the Amazon.com website operated by non-party Amazon.com Services LLC. *Id.*; Ex. 5.

## III. LEGAL STANDARD

### A. Venue in patent infringement cases is controlled by a two-pronged statute.

Venue in a patent infringement case is controlled by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." § 1400(b). "Whether venue is appropriate in a patent infringement action is unique to patent law and therefore Federal Circuit law applies." *In re Volkswagen Grp. of Am.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022).

### B. Plaintiff bears the burden of sustaining venue for each defendant, and the Court may consider evidence outside the complaint.

Once a defendant raises improper venue under Federal Rule of Civil Procedure 12(b)(3), "the burden of sustaining venue will be on [the] Plaintiff." *Rex Real Estate I, L.P. v. Rex Real Estate Exch., Inc.*, No. 4:18-cv-00371-ALM, 2019 U.S. Dist. LEXIS 102059, at *3 (E.D. Tex. June 19, 2019) (citation omitted); *Volkswagen*, 28 F.4th at 1207. "Plaintiff may carry this burden

4

by establishing facts that, if taken to be true, establish proper venue." *Rex Real Estate*, 2019 U.S. Dist. LEXIS 102059, at *3 (citation omitted).

The plaintiff must satisfy its burden for each defendant. *See Agis Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 U.S. Dist. LEXIS 235914, at *8 (E.D. Tex. Sep. 28, 2018) ("[I]n an action involving multiple defendants[,] venue and jurisdiction requirements must be met as to each defendant."). And venue is determined "at the time the complaint is filed." *Better Mouse Co., LLC v. Razer USA Ltd.*, No. 2:17-cv-00317-JRG-RSP, 2017 U.S. Dist. LEXIS 213528, at *2 (E.D. Tex. Dec. 12, 2017); *Agis Software Dev. LLC v. T-Mobile USA, Inc.*, No. 2:21-cv-00072-JRG-RSP, 2021 U.S. Dist. LEXIS 251146, at *9 (E.D. Tex. Nov. 10, 2021).

The Court may consider both the complaint and evidence outside the complaint in resolving a Rule 12(b)(3) motion. *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018) (citing *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237 (5th Cir. 2009)). A complaint's alleged facts may be accepted as true "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 U.S. Dist. LEXIS 138108, at *4 (E.D. Tex. Aug. 28, 2017) (quoting *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)); *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-1001-ADA, 2022 U.S. Dist. LEXIS 76297, at *16 (W.D. Tex. Feb. 4, 2022).

### IV. VENUE IS IMPROPER BECAUSE PLAINTIFF CANNOT SHOW THAT DEFENDANTS SATISFY EITHER OF § 1400(b)'S TWO PRONGS

#### A. Defendants cannot satisfy § 1400(b)'s first prong because neither "resides" in this District.

Section 1400(b)'s first prong provides that a patent infringement action may be brought in a district where the "defendant resides." § 1400(b). For purposes of § 1400(b), a corporation only "resides" in its state of incorporation. *TC Heartland*, 581 U.S. at 270.

Plaintiff effectively concedes that venue is not satisfied under § 1400(b)'s first prong. Plaintiff admits Defendants are incorporated in Delaware—not Texas. *See* ECF No. 1 ¶¶ 9, 10. Thus, neither Defendant "resides" in this District as the first prong requires.

### B. Defendants cannot satisfy § 1400(b)'s second prong because neither has a "regular and established place of business" in this District.

Section 1400(b)'s second prong includes two requirements: a patent infringement action may be brought in a district "where the defendant has committed acts of infringement *and* has a regular and established place of business." § 1400(b) (emphasis added). The Federal Circuit has held that a "regular and established place of business" under § 1400(b) must meet three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiff has not and cannot meet its burden in establishing venue under the second prong because neither Defendant has a regular and established place of business in this District.

### 1. Amazon.com, Inc., a holding company, does not have a regular and established place of business in this District.

Amazon.com, Inc. is a holding company. It does not produce goods or provide services to the public; it merely holds a direct or indirect interest in companies that do. Hunt Decl. ¶ 5. Amazon.com, Inc. does not, for example, commercialize or maintain AWS services, operate the Amazon.com website, or fulfill orders made on that site—those operations fall to Amazon.com, Inc. subsidiaries like AWS and Amazon.com Services LLC. *Id.*; Klein Decl. ¶¶ 2, 4-6. Amazon.com, Inc.'s narrow operational footprint does not include maintaining places of business or employing personnel, let alone maintaining such places in this District or employing personnel claiming to reside here. Hunt Decl. ¶¶ 7-9. Venue is, therefore, improper in this District as to Amazon.com, Inc.

### 2. AWS does not have a regular and established place of business in this District.

AWS's physical places of business include corporate offices scattered across the country. *None* are in the Eastern District of Texas. AWS does not own, lease, or operate a facility of any kind, much less a data center or office, in this District. Klein Decl. ¶ 3. Thus, venue is not proper in this District for AWS because it lacks a regular and established place of business in this District.

### 3. The Complaint's venue allegations are controverted by evidence and cannot be accepted as true.

The Complaint incorrectly alleges that two places in this District are places "of the defendant[s]" satisfying *Cray*'s third requirement for establishing venue.[3] Specifically, the Complaint alleges that the Amazon Fulfillment Center FTW3/FTW4 in Fort Worth, Texas, and the Sub-Same Day Fulfillment Center STX8 in Richardson, Texas, are Defendants' places of business.[4] ECF No. 1 ¶ 13. But sworn declarations establish that neither facility is a place of either Defendant.

Plaintiff cannot show that either of these fulfillment centers are places of Defendants. **First,** sworn testimony establishes that Defendants do not own, lease, or operate these fulfillment centers (or any others in this District). Klein Decl. ¶¶ 3-5. Rather, a separate company engaged in a separate line of business, Amazon.com Services LLC, leases and operates these fulfillment centers. *Id.* ¶¶ 4, 5.

---

[3] The Complaint's other venue-related allegations are irrelevant. *See* ECF No. 1 ¶ 17. Defendants' receipt of revenue from and registration in Texas has no bearing on the Court's venue analysis. *See Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*, 290 F. Supp. 3d 599, 613 (N.D. Tex. 2017); *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 U.S. Dist. LEXIS 108167, at *5 (W.D. Tex. June 19, 2020).

[4] Plaintiff erroneously identifies the address of the STX8 facilities as *3501* Research Drive, Richardson, Texas. ECF No. 1 ¶ 13. The correct address is *3051* Research Drive, Richardson, Texas. Klein Decl. ¶ 5. Additionally, the FTW4 facility has been decommissioned and absorbed into an expansion of FTW3. *Id.* ¶ 4.

***Second,*** neither Defendant has otherwise "established or ratified" those facilities as its own. *See Cray*, 871 F.3d at 1363-64. Defendants do not hold out the fulfillment centers as their own. They do not, for example, list them on any website or directory as affiliated with AWS or Amazon.com, Inc. Klein Decl. ¶ 8. And the signs at FTW3/FTW4 and STX8 do not reference Amazon.com, Inc. or AWS. *Id.* Signs at FTW3/FTW4 read "Amazon Fulfillment." Exs. 6, 7. Signs at STX8 simply reflect a generic "Amazon" logo. Ex. 8; *cf. Andra Grp., LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283, 1290 (Fed. Cir. 2021) ("[T]he companies' shared use of 'Victoria's Secret' in their name does not detract from the separateness of their businesses.").

***Finally,*** neither Defendant "actually engage[s] in business from that location." *Cray*, 871 F.3d at 1363-64; *Andra*, 6 F.4th at 1290. Amazon.com, Inc. and AWS personnel do not work from FTW3/FTW4 or STX8.[5] Klein Decl. ¶ 7. Also, the non-party Amazon.com Services LLC personnel that *do* work from FTW3/FTW4 and STX8 are not doing so on Defendants' behalf or subject to their control such that they could be said to be Defendants' agents doing either Defendants' business. *Id.*; *see also Andra*, 6 F.4th at 1288-89 (finding that the defendant did not exercise "the degree of control over" a corporate affiliate's employees necessary to find an agency relationship). AWS and non-party Amazon.com Services LLC are separate entities with wholly separate lines of business, each with a distinct character and objective, and Amazon.com, Inc. is merely a holding company. Klein Decl. ¶ 6; Hunt Decl. ¶¶ 3, 7.

Accordingly, sworn testimony establishes that the two fulfillment centers identified in the Complaint are *not* places of either Defendant. The Court therefore cannot accept the Complaint's

---

[5]  These facilities fail to meet *Cray*'s second requirement on the same ground. *See In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (holding that the second requirement demands "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business'").

8

allegations to the contrary as true. *See Kranos*, 2017 U.S. Dist. LEXIS 138108, at *4 (holding that allegations need not be assumed true when controverted by declaration); *EMA*, 2022 U.S. Dist. LEXIS 76297, at *16 (same).

### 4. Amazon.com Services LLC's places of business cannot be imputed to Defendants because Amazon entities respect corporate separateness.

Amazon.com, Inc.'s and its subsidiaries' respect for corporate separateness forecloses any argument that Amazon.com Services LLC's control of the fulfillment centers should be imputed to either Defendant under an alter-ego or veil-piercing theory.

Fifth Circuit law governs the standards for imputing venue among corporate relatives. *See Celgene Corp. v. Mylan Pharms., Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021). Under that law, imputation is only proper in the absence of "formal corporate separateness, which is a difficult standard to meet." *B/E Aero., Inc. v. Zodiac Aero.*, No. 2:16-cv-01417-JRG-RSP, 2018 U.S. Dist. LEXIS 220294, at *17 (E.D. Tex. Nov. 29, 2018), *R&R adopted*, 2019 U.S. Dist. LEXIS 13495 (E.D. Tex. Jan. 28, 2019) (citation omitted).

This Court faced—and rejected—an imputation theory in *Soverain IP, LLC v. AT&T Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 U.S. Dist. LEXIS 186656, at *3 (E.D. Tex. Oct. 31, 2017), *R&R adopted*, 2017 U.S. Dist. LEXIS 207551 (E.D. Tex. Dec. 18, 2017). In that case, the plaintiff argued that a subsidiary's regular and established places of business in this District should be imputed to a parent company, AT&T Inc. *Id.* at *2-3. The defendant submitted sworn testimony establishing that AT&T Inc. was a holding company that is a "legally and factually separate corporate entity, distinct from its subsidiaries," and that each subsidiary "maintains its own independent corporate, partnership, or limited liability company status, identity, and structure." *Id.* at *2. Given the "uncontroverted declaration" and lack of record evidence indicating "a specific or unusual circumstance," this Court rejected plaintiff's imputation theory and dismissed AT&T

9

Inc. *Id.* at *3-4; *see also Andra Grp., LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-288-ALM-KPJ, 2020 U.S. Dist. LEXIS 53868, at *9 (E.D. Tex. Feb. 24, 2020) (refusing to impute one defendant's in-district stores to corporate parent and sister), *R&R adopted*, 2020 U.S. Dist. LEXIS 52240 (E.D. Tex. Mar. 26, 2020).

Plaintiff has not and cannot meet the high standard for imputation under an alter-ego or veil-piercing theory. Defendants' sworn testimony establishes that Amazon.com, Inc. is a holding company distinct from its subsidiaries, including AWS and Amazon.com Services LLC. Hunt Decl. ¶¶ 6-7. That testimony also establishes that AWS and Amazon.com Services LLC maintain independent corporate status and operate businesses of a different character. Klein Decl. ¶ 6. Like the plaintiff in *Soverain*, Plaintiff cannot establish "specific or unusual circumstance[s] that justif[y] ignoring the corporate separateness" of the relevant entities. *Id.* Plaintiff thus cannot meet the high standard for imputing non-party Amazon.com Services LLC's control of fulfillment centers to either Defendant.[6]

### C.  Defendant Amazon.com, Inc. also cannot satisfy § 1400(b)'s second prong because it cannot "commit[] acts of infringement."

To satisfy § 1400(b)'s second prong, Plaintiff must also establish that each Defendant has "committed acts of infringement" in this District. § 1400(b). The Complaint here merely alleges

---

[6] Several recent decisions have similarly refused to impute conduct among Amazon.com, Inc. and its subsidiaries, including AWS and Amazon.com Services LLC. *See, e.g.*, *BSD Crown, Ltd. v. Amazon.com, Inc.*, No. 3:23-cv-00057-WHO, 2023 U.S. Dist. LEXIS 181407, at *11 (N.D. Cal. July 27, 2023) (refusing to disregard the corporate separateness between Amazon.com, Inc. and its subsidiaries, Twitch Interactive, Inc. and AWS); *Tenpenny v. Prime Now, LLC*, No. 3:19-0420, 2020 U.S. Dist. LEXIS 75233, at *14 (M.D. Tenn. Apr. 29, 2020) (same between Amazon.com, Inc. and its subsidiaries, Amazon.com Services LLC and Prime Now, LLC); *Rensselaer Polytechnic Inst. v. Amazon*, No. 1:18-cv-00549 (BKS/CFH), 2019 U.S. Dist. LEXIS 136436, at *28 (N.D.N.Y. Aug. 7, 2019) (same between Amazon.com, Inc. and its subsidiary, Whole Foods); *Huong Hoang v. Amazon.com, Inc.*, No. C11-1709MJP, 2013 U.S. Dist. LEXIS 190477, at *10 (W.D. Wash. Mar. 18, 2013) (same between Amazon.com, Inc. and its subsidiary, IMDB, Inc.).

that Defendants have "committed acts of direct and indirect infringement in the Eastern District of Texas" by "commercializing, marketing, selling, distributing, testing, and servicing the Accused Products identified herein." ECF No. 1 ¶¶ 17-18. The Court need not assume that truth of such allegations where the defendant submits affidavit evidence that it did not commit the acts that purportedly infringe within the relevant district. *See EMA*, 2022 U.S. Dist. LEXIS 76297, at *17-19 ("[W]hen a defendant challenges the complaint's characterization of its contacts with the forum district, courts demand proof of those contacts."); *Alexsam, Inc. v. Simon Prop. Grp. Tex., L.P.*, No. 2:19-CV-00331-JRG, 2021 U.S. Dist. LEXIS 257986, at *4 (E.D. Tex. Sep. 3, 2021) ("[W]hen unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegation." (citation omitted)).

Defendants' declarations controvert Plaintiff's allegations. Again, Amazon.com, Inc., as a holding company, does not offer goods and services to the public. Hunt Decl. ¶ 5. Its narrow operational footprint does not include committing the acts Plaintiff contends are infringing (*i.e.* commercializing, marketing, selling, distributing, testing, and servicing the accused products), much less committing them in the Eastern District of Texas. *See id.* This is a second independent basis for deeming venue improper against Amazon.com, Inc.

## V.     CONCLUSION

For the foregoing reasons, the Court should dismiss this Action for improper venue under Rule 12(b)(3) and § 1400(b).

11

Dated: January 26, 2024	MORRISON & FOERSTER LLP

By: /s/ Brian C. Nash
Brian C. Nash (TX Bar No. 24051103)
BNash@mofo.com
300 Colorado Street, Suite 1800
Austin, TX 78701
Telephone: 512.617.0650

*Counsel for Defendants*
*Amazon.com, Inc. and Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 26, 2024.

*/s/ Brian C. Nash*
Brian C. Nash
